Law Library

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                          )          CRIMINAL CASE NO. CM 538-11
                                         )
vs.                                      )          **DECISION AND ORDER**
                                         )
BENNY MANSAPIT FERGURGUR                 )          (Motion to Dismiss *Rasauo II*)
                                         )
                          Defendant.     )
_____  )

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein **DENIES** Defendant's motion.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on June 4, 2010 and given a notice to appear ("NTA") with a

---

[1] This holding is hereinafter referred to as the "60 day rule."

date of May 25, 2011. On May 4, 2011, the Complaint was filed but no summons was issued[2]. *Id.* at ¶ 7. On May 25, 2011, the Court takes judicial notice that there was no judicial officer available for arraignment, and all cases were cancelled and continued to June 29, 2011, thirty-five (35) days later. After fifty-six (56) days had passed from the filing of the Complaint, Defendant appeared for arraignment on June 29, 2011 and was appointed counsel. The Magistrate Court continued Defendant's arraignment to July 27, 2011, twenty-eight (28) days later, to afford him an opportunity to meet and confer with counsel. Defendant was arraigned eighty-four (84) days after the filing of the Complaint.

The time between the filing of the Complaint and the first appearance on June 29, 2011 does not violate the 60 day rule announced in *Rasauo II*. However, the Court must determine if the time between June 29, 2011 and July 27, 2011 constitutes good cause or if this case must be dismissed in violation of the 60 day rule. In particular, the Court will review what days, if any, after July 5, 2011[3] constitute "good cause" or if this case must be dismissed in violation of the 60 day rule. More specifically, the Court must first determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes "ggod cause."

Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint

---

[2] Unlike the facts in *Rasauo II*, the Court notes that a summons is now required to automatically be issued on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20(a). Also, currently, all persons arrested for DUI charge are brought before a magistrate for a probable cause determination prior to being released; therefore a NTA is not issued.

[3] The sixtieth day falls on Sunday, July 3, 2011; thus pursuant to 8 GCA § 1.25(a), the sixtieth day becomes July 4, 2011, an official holiday, therefore July 5th is the appropriate 60th day.

and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused for good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38.

In this case, Defendant's Motion did not address if any delay attributed to time for the Defendant to meet and confer with counsel is good cause[4]. Instead, Defendant's Motion argues that no good cause exists for the violation of the 60 day rule in this case.

The Court finds that twenty-eight (28) days[5] is not excessive amount of time for a Court to provide a defendant to meet and confer with his attorney prior to being arraigned. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[6]. 8

---

[4] This issue was raised orally by other Defense attorneys and Defendant orally joined, but this argument is not raised in the written Motion.

[5] 28 days between June 29th and July 27th.

[6] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.

GCA § 80.50(a). Thus, the delay in this case is per se unreasonable, hence this case should be dismissed for the violation of the 60 day rule.

There are eighty-four (84) days between the filing of the Complaint and Defendant's arraignment. The fifty-six (56) days between the filing of the Complaint and Defendant's first appearance do not violate the 60 day rule. As indicated above, the twenty-eight (28) days between Defendant's first appearance and Defendant's actual arraignment for purposes of assistance of counsel is not an unreasonable delay and the Court finds that good cause is shown. *Rasauo*, 2011 Guam 14 ¶ 14. Since there is good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is DENIED. A criminal trial setting shall occur on APR 0 9 2012, 2012 at 9:30 a.m.

**IT IS SO ORDERED** this 21st March, 2012.

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 2 1 2012

_____
*Glenric J. Mendiola*
Deputy Clerk, Superior Court of Guam